NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001008
30-JAN-2014
08:36 AM

NO. CAAP-12-0001008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PAUL PERRONE, Plaintiff-Appellee, v.
GENBAO GAO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1154)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Genbao Gao (Gao) appeals from the January 3, 2012 Judgment, the October 18, 2012 Amended Judgment, and the November 25, 2011 "Findings of Fact, Conclusions of Law and Order" (FOFs/COLs/Order) all entered in the Circuit Court of the First Circuit[1] (circuit court).  The judgments were entered in favor of Plaintiff-Appellee Paul Perrone (Perrone), whose May 19, 2009 Complaint asserts defamation claims against Gao.

On appeal, Gao contends the circuit court erred by:

(1) issuing a default judgment against Gao on September 3, 2010;

(2) denying Gao's motion for directed verdict by order issued on October 24, 2011, his motion for renewed motion for judgment as a matter of law on February 6, 2012, and failing to

---

[1]  The Honorable Rom A. Trader presided.  An Order of Reassignment from Judge Trader to the Honorable Karen T. Nakasone of the Circuit Court of the First Circuit was issued on October 31, 2011.  Judge Trader, however, continued to preside over the proceedings until the final judgment was issued on January 3, 2011.  Judge Nakasone issued the Amended Judgment, filed October 18, 2012.

"reverse[] the harsh sanction of default [judgment;]" and

(3) awarding Perrone special, general, and punitive damages.

## I. BACKGROUND

Gao was employed by the State of Hawai'i as a statistician since 1996. In 2003, he was transferred to the Crime Prevention and Justice Assistance Division of the Department of the Attorney General of the State of Hawai'i (CPJAD). On May 19, 2009, Perrone, Gao's supervisor at CPJAD, filed a Complaint alleging that Gao had been publishing defamatory statements against him since 2005. Perrone's Complaint stated in relevant part:

> 8. Beginning in or about 2005, [Gao] began publishing statements defaming [Perrone] and injuring [Perrone's] professional reputation, to wit:
>
> a) [Gao] falsely claimed Plaintiff maintained a personal Web site on a State-funded Internet account of the CPJAD and thereby committed theft;
>
> b) [Gao] falsely claimed [Perrone] arrived hours late to work;
>
> c) [Gao] falsely claimed [Perrone] did not know how to conduct research;
>
> d) [Gao] falsely accused [Perrone] of criminally assaulting him and initiated a police investigation thereof at the CPJAD;
>
> e) [Gao] falsely accused [Perrone] of racial discrimination against him at the CPJAD[.]

On June 26, 2009, Gao filed an answer to Perrone's Complaint and asserted counterclaims, alleging Perrone violated the Hawai'i Whistleblowers Protection Act, Hawai'i Revised Statutes (HRS) Chapter 378 et seq., and claimed that he was entitled to relief for Perrone's negligent and intentional inflictions of emotional distress and defamation of Gao. Perrone filed an answer to Gao's counterclaim on November 27, 2009.

On March 18, 2010, Perrone filed a "Motion To Compel Discovery And For Sanctions Against [Gao] And For Attorney's Fees And Costs" (Motion to Compel Discovery), which included default against Gao. Perrone's counsel, John R. Remis, Jr. (Remis) declared that he had noticed Gao through his counsel, Greg I.

2

Nishioka (Nishioka) with a Hawai'i Rules of Civil Procedure (HRCP) Rule 34 "Request for Answers to Interrogatories and a Request for Protection of Documents," due December 31, 2009. Remis declared that he sent a letter to Nishioka on January 8, 2010, requesting a response by January 15, 2010. Having received no response, Remis sent another letter to Nishioka on January 28, 2010, which requested a response by February 5, 2010. No response had been produced as of March 2, 2010.

On April 8, 2010, the circuit court held a hearing on Perrone's Motion to Compel Discovery. Nishioka stated that Gao "refused to sign off until he really looks it [the answer to Perrone's discovery request] over" and that Gao filed no opposition because he intended to comply with the discovery request. Also at the hearing, Perrone's co-counsel, Robert D. Eheler, Jr. (Eheler), referred to Nishioka as a "phantom lawyer" because, save for a some emailed responses and one phone call, Eheler and Remis "didn't hear from [Nishioka] at all" prior to filing their answer to Gao's June 26, 2009 counterclaim. The circuit court imposed a $250 sanction on Gao, ordered him to provide requested answers and documents within ten calendar days from April 8, 2010 (April 18, 2010), and denied Perrone's motion for default judgment against Gao. On May 17, 2010, the circuit court filed an order to this effect.

On April 19, 2010, Gao provided answers to Perrone's interrogatories, but responded to only two of Perrone's document requests. Nishioka, Gao's counsel, told Perrone's counsel that the documents would be delivered to the copy center on May 3, 2010. Perrone's counsel alleged that these documents were not available as of May 28, 2010 and did not become available until approximately a week before the July 19, 2010 hearing.

On June 15, 2010, Perrone filed a "Motion To Preclude Evidence And For Sanctions, Including Default [Judgment] And Dismissal Of Counterclaim, Against [Gao,]" (Motion to Preclude) and requested an award of attorneys' costs and fees.

On July 19, 2010, the circuit court held a hearing on Perrone's Motion to Preclude. Gao was not present at the

hearing. Perrone's counsel noted that Gao's response to their document request, which the circuit court had ordered due on April 18, 2010, was tardy by "about three months[.]"

On September 3, 2010, the circuit court granted Perrone's Motion to Preclude on the grounds that Gao substantially failed to go along with the circuit court's previous order that he comply with discovery requests by April 18, 2010. The circuit court entered default against Gao as to liability only in relation to claims alleged in Perrone's May 19, 2009 Complaint and dismissed Gao's June 26, 2009 counterclaims. The circuit court also awarded Perrone's requested attorneys' fees but reduced them to $1,000.

On October 20, 2010, Perrone filed a "Motion to Hold [Gao] in Contempt of Court" for failure to pay $1,000 in attorneys' fees. On November 23, 2010, the circuit court held a hearing on this motion. Gao was present at this hearing and stated that he believed "there is some kind of misunderstanding between me and Nishioka regarding the fines and sanctions." In response to the circuit court's inquiry into his reasons for failing to pay $1,000 to Perrone as ordered on September 3, 2010, Gao stated that his employment was terminated on January 20, 2009, he could not secure new employment, and the sanction should be reconsidered because it resulted from a misunderstanding between himself and Nishioka, with whom he was discussing the matter. Nishioka argued that Gao's dire financial circumstances should be taken into account in ruling on the contempt motion. The circuit court decided to deny Perrone's contempt motion but affirmed its prior order of $1,000 in sanctions. At the close of the hearing, the parties agreed the circuit court would assist them in working out a settlement. On January 24, 2011, the circuit court filed an order denying Perrone's motion to hold Gao in contempt of court, but reaffirming its prior $1,000 sanction.

On February 15, 2011, the circuit court presided over a settlement conference in which Perrone's counsel stated they would not further discuss settlement options until Gao agreed to withdraw a letter of complaint that Gao had sent to Governor Neil

4

Abercrombie regarding Perrone. Gao stated he was not willing to withdraw the letter. Perrone's counsel stated Perrone was "suffering more damages right now as we speak" and requested the circuit court enjoin Gao from writing any further letters. The circuit court denied Perrone's oral request. Nishioka stated he would be filing his motion to withdraw as counsel for Gao.

On May 3, 2011, Nishioka filed a "Motion to Withdraw as [Gao's] Counsel" due to serious and irreconcilable differences resulting from Gao's refusal to follow Nishioka's recommendation and advice in the resolution of this case.

On May 19, 2011, Gao, proceeding pro se, filed a "Motion to Correct Sactions [sic] Imposed Upon [Gao]" (Motion to Correct Sanctions). In his memorandum in support of his motion, Gao asserted that Nishioka failed to inform Gao of the April 8, 2010 hearing and falsely represented to the circuit court that Gao had not provided him with Equal Employment Opportunity Commission (EEOC) documents and that Gao had been asked to obtain EEOC documents in response to Perrone's discovery request. Gao appended several exhibits consisting in emails to and from Nishioka:

(1) the July 14, 2010 email in which Gao noted Nishioka had failed to notify him of the April 8, 2010 hearing and in which Gao wrote

> the [circuit] court had ordering against me [sic] for not attending. Even though you paid the fine, it must have left some negative image to the [circuit] court. I personally would like to attend the hearing just in case things needs to be clarified in court. Please let me know when and where to meet you for the hearing. Thanks.

(2) the July 16, 2010 email in which, Gao again, stated he planned to attend the hearing even though Nishioka had not replied to his earlier message;

(3) the July 17, 2010 email where Gao wrote: "[f]or documents dissemination, I leave it to you. . . . I do not know the meaning of discoverable and do not want to interfere with your decision. I leave the matters to you[;]"

(4) the July 19, 2010 email in which Gao stated that he spoke with his union representative, Robert Doi, and decided not

to attend the hearing "as advised[;]" and

(5) the October 27, 2010 email where Gao wrote that he consulted circuit court documents and discovered Nishioka had made false statements at the July 19, 2010 hearing and requested Nishioka correct those statements as well as the April 8, 2010 statement that Gao had refused to sign off on discovery documents.

On June 16, 2011, attorney Daphne Barbee (Barbee) entered an appearance as Gao's counsel.

On June 22, 2011, the circuit court issued a minute order denying Gao's Motion to Correct Sanctions finding that Gao failed to cite any legal authority or case law to warrant the requested relief.

On July 8, 2011, Gao filed a "Motion to Compel Discovery."

On August 5, 2011, Gao filed a "Motion for Judgment on the Pleadings." In substance, Gao contended Perrone was barred from seeking compensation for damages from Gao by exclusivity provisions in Hawai'i's Workers' Compensation Law, HRS § 386-5 (1993).

On August 18, 2011, Gao filed a second "Motion to Compel Discovery."

On August 30, 2011, the circuit court held a hearing on Gao's "Motion for Judgment on the Pleadings" and "Motion to Compel Discovery." Gao contended the four corners of Perrone's Complaint established that any damages suffered arose out of the employment relationship and therefore his exclusive remedy lies with Hawai'i's workers' compensation funds. Perrone countered that his Complaint contained allegations of Gao's wanton and malicious conduct not covered by HRS § 386-5 and requested injunctive relief, which is not available under Hawai'i's workers' compensation scheme. The circuit court noted that it could not find any allegation in the Complaint that the type of conduct complained of was within Gao's normal scope of work and denied Gao's motion on the basis that workers' compensation exclusivity provisions did not apply. The circuit court also

6

stated it would "require [Perrone] to make a good faith and diligent efforts [sic] to provide essentially everything that they have that is responsive to the [discovery] request made."

On September 2, 2011, the circuit court filed its order granting Gao's "Motion to Compel Discovery."

On September 22, 2011, the circuit court filed its order denying Gao's "Motion for Judgment on the Pleadings," which included the finding "that the Complaint clearly alleges [Gao] acted [willfully,] wantonly, oppressively and with malice and, as such, [the circuit court] found that it is clear that Worker's Compensation does not apply[.]"

A jury-waived trial was held on October 3 and 5, 2011. Both Gao and Perrone made oral motions for a directed verdict pursuant to HRCP Rule 50 and the circuit court denied them both stating it would deny the motions because it found "sufficient conflicting evidence that can reasonably viewed by a reasonable trier of fact to support essentially a decision in favor of not only [Perrone], but arguably [Gao]."

On October 24, 2011 the circuit court filed an order denying Gao's Motions for Sanctions and another order denying Gao's Rule 50 "Motion for [a] Directed Verdict."

On October 26, 2011, Gao filed a "Motion for Judgment as a Matter of Law; Motion to Vacate, Alter, or Amend Judgment or Set Aside Default Motion for New Trial; Motion to Stay Judgment on Appeal" (Motions for Judgment/Vacate). Exhibit 2, attached to Gao's motion, was "[Gao's] Responses to [Perrone's] First Request for Production of Documents and Things to [Gao]" dated April 19, 2010 and "[Gao's] Responses to [Perrone's] First Request for Answers to Interrogatories to [Gao]," notarized April 16, 2010.

On October 31, 2011, the instant case was reassigned to the Honorable Judge Karen T. Nakasone.

On November 22, 2011, Perrone filed an opposition to Gao's Motions for Judgment/Vacate. Perrone contended Gao's Motions for Judgment/Vacate were premature because: (1) a motion for directed verdict pursuant to HRCP Rule 50(b) must be made after entry of judgment; (2) a motion to vacate, alter, or amend

7

judgment or set aside default pursuant to HRCP 59(b) requires entry of judgment as a condition precedent; (3) motions to amend or alter judgments under HRCP Rule 60(b) are authorized only in situations involving final judgments (citing Crown Properties, Inc. v. Fin. Sec. Life Ins. Co., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985)); (4) a motion for relief under HRCP Rule 62 requires entry of judgment; and (5) noncompliance with other applicable court rules.

On November 25, 2011, the circuit court filed its FOFs/COLs/Order, including FOF 18, "[a]s a result of the [circuit c]ourt's sanction [filed September 3, 2010] entering default against [Gao], he is precluded from challenging liability at trial. He, otherwise, is entitled to defend on issues relating to causation and damages." The circuit court awarded Perrone special damages in the amount of $5,943.76, general damages in the amount of $20,000, and punitive damages in the amount of $25,000, as well as injunctive relief.

On December 12, 2011, the circuit court held a hearing on Gao's Motions for Judgment/Vacate. In response to the circuit court's inquiry into Gao's delay in filing a motion to set aside the default judgment, Gao's counsel, Barbee, stated that Gao had filed a motion for reconsideration as a pro se party on May 19, 2011 and Barbee raised the issue in motions in limine and in pretrial matters. Barbee filed three motions in limine on behalf of Gao on September 12, 2011. The circuit court stated that Gao's motions were "essentially premature" because a final judgment had not yet been filed and denied the Motions for Judgment/Vacate without prejudice. On December 14, 2011, the circuit court filed an order to this effect.

On January 3, 2012, the circuit court filed its Judgment, awarding a total of $50,943.76 as damages in favor of Perrone and issuing an injunction, preventing Gao "from making defamatory statements about [Perrone] to third-parties" for five years.

On January 6, 2012, Gao filed a "Renewed Motion for Judgment as a Matter of Law; Motion to Vacate, Alter, or Amend

Judgment [filed January 3, 2012] or Set Aside Default Motion for New Trial; Motion to Stay Judgment on Appeal" (Renewed Motions for Judgment/Vacate). A hearing was held on the motion January 26, 2012.

On February 2, 2012, Gao filed his notice of appeal from the January 3, 2012 Judgment under CAAP-12-0000062.

On February 6, 2012, the circuit court filed its "Order Denying [Gao's Renewed Motions for Judgment/Vacate] and Motion to Stay the Injunction, and Order Granting [Gao's] Motion to Stay Damages Upon Conditions."

Under CAAP-12-0000062, this court entered the following orders:

(1) the February 23, 2012 order granting a motion by Barbee to withdraw as Gao's counsel (with Anthony T.J. Quan filing a notice of appearance as new counsel for Gao on April 18, 2012);

(2) the February 24, 2012 order denying Gao's motion for leave to proceed on appeal in forma pauperis; and

(3) the August 7, 2012, order dismissing Gao's appeal for lack of jurisdiction because the circuit court's January 3, 2012 Judgment only entered judgment as to Perrone's defamation claim - and did not resolve Gao's counterclaim nor contain an express finding as to other claims as required by HRCP Rule 54(b).

On October 18, 2012, the circuit court filed an Amended Judgment, dismissing "Gao's counterclaim as well as all other claims[.]" On November 16, 2012, Gao filed an appeal from the Amended Judgment under CAAP-12-0001008.

## II. DISCUSSION

A circuit court acts within its authority under Hawai'i's formal rules for civil procedure when it awards sanctions, including default judgment against a party that fails to comply with discovery orders.[2] We review the circuit court's

---

[2] A motion to compel discovery is appropriate, after reasonable notice to other parties, where a party has failed to answer an interrogatory or to

(continued...)

September 3, 2010 Order Granting the Motion to Preclude imposing default judgment as a sanction for abuse of discretion.

> The imposition of a sanction is generally within the discretion of the trial court. In reviewing whether a trial court's dismissal of a claim as a discovery sanction constitutes an abuse of discretion, appellate courts consider the following five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party moving for sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Weinberg V. Dickson-Weinberg, 123 Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010) (internal quotation marks and citations omitted).

The first and second Weinberg factors favor Perrone over Gao's tardy responses, which were the substantial reason that this case remained in the circuit court's docket from May 2009 to February 2012. See Aloha Unlimited, Inc. v. Coughlin, 79 Hawaiʻi 527, 533, 904 P.2d 541, 547 (App. 1995) (weighing the first two factors against a party that failed to comply with court orders regarding the opposing party's discovery requests). On July 19, 2010, the circuit court offered the following statement in support of its decision to grant Perrone's motion for sanctions:

> the bottom line is months went by and nothing happened. And if [the circuit court] were to allow this to happen in every case, the orderly administration of discovery as well as the handling of the case would just be chaotic. And to me, it does a disservice not only to the parties involved whether it be [Perrone] in this situation, but also to the integrity of the judicial process.

Under the third Weinberg factor, we consider whether Gao's actions amounted to "actual prejudice" that impaired

---

[2](...continued)
produce documents for inspection in accordance with a discovery request. HRCP Rule 37(a)(2). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Id. Failure to comply with an order compelling discovery permits the court in which the action is pending to "make such orders in regard to the failure as are just" including "rendering a judgment by default against the disobedient party[.]" HRCP Rules 37(b)(2) and 37(b)(2)(C). Additionally, the circuit court "shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." HRCP Rule 37(b)(2).

Perrone's "ability to go to trial or threatened to interfere with the rightful decision of the case." W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 364, 802 P.2d 1203, 1208 (1990).

At the July 19, 2010 hearing, Nishioka explained that Gao had not opposed the motion for sanctions because they agreed the counterclaim should be dropped and Nishioka had not filed a written opposition because he "wasn't able to sit down and meet with [his] client." Nishioka then stated that he thought "to default [Gao] as far as the total case . . . that's a very harsh sanction" and described "conceptual[]" difficulties relating to Gao's understanding of the legal process. The circuit court granted Perrone's Motion to Preclude, including, default because: (1) Gao failed to file his answers to interrogatories until April 19, 2010 and thus "substantially failed to comply" with previous orders requiring responses filed by April 18, 2010; and (2) Gao did not submit a written opposition to the motion for sanctions.

The circuit court noted the "documents that nonetheless, perhaps, tardy, et cetera, [had] been provided" and determined not to "take that [communications regarding document production sent on April 19, 2010] as being noncompliance under the circumstances here." Perrone's counsel clarified that the full set of documents was not received until a week before the July 19, 2010 hearing, nearly three months from the April 18, 2010 deadline. Gao, acting through his counsel, provided answers to Perrone's interrogatories on April 19, 2010, but responded to only two of Perrone's document requests. In sum, at the time of the July 19, 2010 hearing, prejudice to Perrone consisted in receiving Gao's responses a day late and documents several months late. We conclude that Gao's actions did not amount to "actual prejudice." Therefore, the third Weinberg factor weighs in Gao's favor. W.H. Shipman, Ltd., 8 Haw. App. at 364, 802 P.2d at 1208.

The fourth Weinberg factor also weighs in favor of Gao because entry of default judgment against him prevents consideration of the merits of the parties' cases. See Weinberg, 123 Hawaiʻi at 71, 229 P.3d at 1136.

11

Under the fifth Weinberg factor, the circuit court considered alternative, less drastic sanctions; however, the imposition of the particularly severe sanction of default judgment is subject to a particularized review of the circuit court's exercise of discretion. Weinberg, 123 Hawaiʻi at 77, 229 P.3d at 1142. Particularly severe sanctions, such as default judgment, should be supported by "evidence of willful or contemptuous or otherwise opprobrious behavior[.]" Weinberg, 123 Hawaiʻi at 77, 229 P.3d at 1142 (internal quotation mark omitted). Interpretations of the Federal Rules of Civil Procedure (FRCP) Rule 37(b)(2), which has "substantially identical" provisions for the failure of a party to serve answers to interrogatories or respond to requests for inspection as those in HRCP Rule 37(d), have yielded a similar principle:

> [FRCP] Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner.

W.H. Shipman, Ltd., 8 Haw. App. at 361, 802 P.2d at 1207 (quoting Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212 (1958) (emphasis added) (FRCP Rule 37(b)(2) provisions are "deemed to be highly persuasive in the construction of our parallel procedural rules.") (internal quotation marks and citation omitted).

Gao contends the circuit court should not have granted default judgment in favor of Perrone because Gao provided evidence of misrepresentations by, and miscommunication with, Gao's prior counsel, Nishioka, sufficient to establish a lack of "evidence of willful or contemptuous or otherwise opprobrious behavior" on the part of Gao himself. Weinberg, 123 Hawaiʻi at 77, 229 P.3d at 1142.

Distinctions between the willful noncompliance of the client, as opposed to an attorney, however, are properly considered when determining whether to impose default judgment as a sanction against a party. "[T]he trial court should bear in mind the culpability of the client in imposing sanctions for the

attorney's conduct, particularly the ultimate sanction of dismissal or default judgment." Stender v. Vincent, 92 Hawai'i 355, 364, 992 P.2d 50, 59 (2000). This court has held improper the imposition of a sanction "equivalent" to default judgment where party's attorney failed to appear at a hearing because" the sins of its attorney should not have been visited on [the defendant-appellant]." W.H. Shipman, Ltd., 8 Haw. App. at 364, 802 P.2d at 1208. Instead of imposing severe sanctions against the offending-party, the Shipman court stated the lower court "should have sanctioned [the defendant-appellant's] attorney personally pursuant to HRCP Rule 37(d) or under its inherent powers under [HRS] § 603-21.9(6) (1985)." Id. (holding that the lower court abused its discretion in imposing evidentiary preclusion sanctions on the defendant-appellant) (citing Kukui Nuts of Hawai'i, Inc. v. R. Baird & Co., 6 Haw. App. 431, 437-38, 726 P.2d 268, 272 (1986)).

Here, the circuit court had clear notice of Gao's claim that the discovery violations were attributable to the neglect of his attorney, and not to Gao himself. In his pro se Motion to Correct Sanctions, Gao asserted that Nishioka had falsely represented to the circuit court that Gao had been responsible for the discovery delays, and Gao provided emails that indicated that Nishioka may have been responsible for the delays. The record also includes evidence of Nishioka's lack of diligence, including his failure to file any responses to Perrone's sanction motions and Perrone's counsel's references to Nishioka as a "phantom lawyer." Under these circumstances, the circuit court should have determined whether Gao or Nishioka was responsible for the delay before denying Gao's Motion to Correct Sanctions, which was essentially a motion to reconsider the default sanction. This determination was critical in evaluating whether Gao had engaged in willful or contemptuous behavior and thus whether the severe default sanction was appropriate. Instead, the circuit court denied the motion without a hearing.

Moreover, the non-compliance with a discovery deadline by one day for answers to interrogatories and less than three

months for document production, while significant, was relatively small when compared to the drastic default sanction. We conclude that the combination of the circuit court's failure to determine whether Gao was responsible for the discovery violations and the severity of the sanction when compared to the discovery violations indicates that the fifth factor weighs in favor of Gao.

We conclude the circuit court abused its discretion by imposing default judgment on liability claims as a sanction on Gao.

### III.  CONCLUSION

Therefore, we vacate the Circuit Court of the First Circuit's October 18, 2012 Amended Judgment, and the November 25, 2011 "Findings of Fact, Conclusions of Law and Order".  Gao's other points of error are therefore moot.

DATED:  Honolulu, Hawai'i, January 30, 2014.

On the briefs:

Anthony "T.J." Quan
for Defendant-Appellant.

Robert D. Eheler, Jr.
and
John R. Remis, Jr.
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

14